**NOT FOR PUBLICATION**

FEB 05 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LORENZO MOSQUERA-BERNACHEA, | No. 10-72586 |
| Petitioner, | Agency No. A077-187-424 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| LORENZO MOSQUERA-BERNACHEA, | No. 11-71687 |
| Petitioner, | Agency No. A077-187-424 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 3, 2015[]
Pasadena, California

Before: D.W. NELSON, BYBEE, and IKUTA, Circuit Judges.

Lorenzo Mosquera-Bernachea petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal and denying his motion to remand his case to the Immigration Judge (IJ). He also petitions for review of the BIA's subsequent order denying his motion to reconsider.

Mosquera's claim that the IJ abused her discretion in denying his request for a continuance until the United States Citizenship and Immigration Services (USCIS) adjudicated his Form I-360 petition (Petition for Amerasian, Widow(er), or Special Immigrant) is moot, because the USCIS has now denied his petition. *See Mamigonian v. Biggs*, 710 F.3d 936, 942 (9th Cir. 2013).

We reject Mosquera's claim that the IJ abused her discretion in denying Mosquera's motion for a continuance to procure the presence of corroborative witnesses and other supporting evidence. Mosquera's due process right to a full and fair hearing was not violated because he was represented by counsel at all relevant hearings, had time to prepare and submit his application for relief, and had ample opportunity to present testimony and other evidence in support of his

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

application.  *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010).  Moreover, he has not demonstrated prejudice because he has presented no plausible scenarios in which the outcome of the proceedings would have been different if he had more time to obtain documents or procure corroborative witnesses.  *See Tamayo-Tamayo v. Holder*, 725 F.3d 950, 954 (9th Cir. 2013).

We also reject Mosquera's claim that the BIA and IJ impermissibly adjudicated his Form I-360 petition.  The BIA and IJ analyzed the likelihood that Mosquera's Form I-360 petition would succeed in order to determine whether good cause existed to grant Mosquera a continuance, and both determined that Mosquera failed to establish that he was battered or would suffer extreme hardship if removed for purposes of adjudicating his application for cancellation of removal. Neither adjudicated the petition itself.

**PETITION DISMISSED IN PART, DENIED IN PART.**

3